I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petr (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7-08-14

DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT
JUL - 9 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER M. GALDAMEZ, | Case No. CV 14-3338-VAP (RNB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| MONTGOMERY, Warden, | |
| Respondent. | |

On April 30, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Court's review of the Petition revealed that it suffered from the following deficiencies.

First, although it appeared from the upper left section of the title page of the Petition that petitioner was representing himself in this matter, the Petition indicated in ¶ 12 that petitioner presently was represented by attorney Anthony P. Brooklier and the Petition purported to have been signed on the signature line for counsel's signature by someone other than petitioner whose signature was indecipherable. If petitioner was representing himself, the signing of the Petition could not be delegated to another person. See Central District of California Local Rule 83-2.2.1. If petitioner was being represented by counsel, then his counsel's name, bar number, office address, telephone and facsimile numbers, and e-mail address should have

appeared in the upper left section of the title page. See Local Rule 11-3.8(a).

Second, the Petition was not properly verified. See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 83-16.2.

For the foregoing reasons, on May 13, 2014, the Court issued an Order dismissing the Petition with leave to amend. If petitioner still desired to pursue this action, he was ordered to file an amended petition rectifying the foregoing deficiencies on the approved Central District habeas form within thirty (30) days of the service date of the Order. The Court also expressly admonished petitioner that his failure to timely file a First Amended Petition in compliance with this Order would result in a recommendation that this action be dismissed without prejudice for failure to prosecute. The May 13, 2014 Order was served by mail on petitioner at his prison address and also electronically served on Mr. Brooklier at the e-mail address provided for him in the Petition.

On May 16, 2014, the assigned District Judge issued an order requiring petitioner's counsel to submit an electronic form of the manually filed Petition within twenty-four (24) hours.

The deadline for petitioner to file his First Amended Petition has now elapsed, and no First Amended Petition has been filed by petitioner. Nor has petitioner sought an extension of time to do so. Further, Mr. Brooklier has not responded to reminder messages left for him by the clerk and he still has not complied with the District Judge's May 16, 2014 Order.

Accordingly, on or before **July 28, 2014**, petitioner is ordered to either comply with the May 13, 2014 and May 16, 2014 Orders or show cause in writing why this action should not be dismissed pursuant to Fed. R. Civ. P. 41(b), Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962), and Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988), for failure to comply with court orders and/or failure to prosecute.

1     The clerk is directed to serve this Order by mail on petitioner at his prison
2 address and also electronically serve it on Mr. Brooklier.

4 DATED: July 8, 2014

                                                ROBERT N. BLOCK
                                                UNITED STATES MAGISTRATE JUDGE